UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATHY M. KING,

                            Plaintiff,

v.                                                         1:15-CV-1032
                                                              (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS        PETER M. MARGOLIUS, ESQ.
  Counsel for Plaintiff
7 Howard St.
Catskill, NY 12414

U.S. SOCIAL SECURITY ADMIN.             DAVID B. MYERS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## **REPORT and RECOMMENDATION**

       This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 13.) This case has proceeded in accordance with General Order 18.

       Currently before the Court, in this Social Security action filed by Kathy M. King ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 11, 12.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied and Defendant's motion be granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on April 3, 1959. (T. 68.) She completed the 11th grade. (T. 144.) Generally, Plaintiff's alleged disability consists of low back pain and "blood clots in lungs." (T. 143.) Her alleged disability onset date is November 19, 2011. (T. 68.) Her date last insured is December 31, 2016. (*Id.*) She previously worked as a certified nursing assistant ("CNA"). (T. 144.)

### B. Procedural History

On August 9, 2012, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 68.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On January 22, 2014, Plaintiff appeared before the ALJ, Dale Black-Pennington. (T. 24-61.) On April 3, 2014, ALJ Black-Pennington issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-23.) On June 26, 2015, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-4.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-19.) First, the ALJ found that Plaintiff met the insured status requirements through December 31, 2016 and Plaintiff had not engaged in substantial gainful activity since November 19, 2011. (T. 12.) Second, the ALJ found that Plaintiff had the severe impairments of lung disorder, back disorder, hypertension, and obesity. (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 12-13.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work. (T. 13.)[1] The ALJ specifically determined that Plaintiff could stand and walk in intervals of 20-30 minutes for a maximum of six hours in an eight-hour workday; she could sit in intervals of 30-45 minutes for a maximum of six hours in an eight-hour workday; she required a cane to ambulate; she could occasionally squat, bend, stoop, or kneel; she must avoid climbing ladders, ropes, and scaffold; she must avoid exposure to unprotected heights and vibrations; and she must avoid concentration exposure to dust, fumes, smoke, and other known respiratory irritants. (*Id.*) Fifth, the ALJ determined that Plaintiff was incapable of performing her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 16-19.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence. (Dkt. No. 11 at 3-4 [Pl.'s Mem. of Law].) Second, and lastly, Plaintiff argues that assuming Plaintiff was limited to sedentary work, the testimony of the vocational expert ("VE") would be inconsistent with the Dictionary of Occupational Titles ("DOT") and therefore there would not be a significant number of jobs in the national economy that the Plaintiff could perform. (*Id.* at 5-6.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ's RFC finding was supported by substantial evidence. (Dkt. No. 12 at 6-12 [Def.'s Mem. of Law].) Second, and lastly, Defendant argues that denial of Plaintiff's claim at step five was appropriate. (*Id.* at 12-14.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

4

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.  **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R.

§§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. The ALJ's RFC Determination

Plaintiff's RFC is the most she can do despite her limitations. 20 C.F.R. §§ 404.1545, 416.945. The RFC is based on all the relevant medical and other evidence of record, and takes into consideration the limiting effects of all of Plaintiff's impairments. *Id.*

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because substantial evidence in the record supported a finding that Plaintiff would be limited to sedentary work. (Dkt. No. 11 at 3-4 [Pl.'s Mem. of Law].) A stated by Defendant, Plaintiff misstated the applicable legal standard. (Dkt. No. 12 at 6 [Def.'s Mem. of Law].) The Second Circuit has held that "whether there is substantial evidence supporting [Plaintiff's] view is not the question here; rather, we must decide whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013), *see Selian v. Astrue,* 708 F.3d 409,

417 (2d Cir. 2013) ("If there is substantial evidence to support the [agency's] determination, it must be upheld."); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard").

Plaintiff essentially asks the Court to reweigh the evidence before the ALJ. Plaintiff simply provided a list of medical evidence in the record which she contends supports a finding of a sedentary RFC determination. (Dkt. No. 11 at 4 [Pl.'s Mem. of Law].) When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court "will not reweigh the evidence presented at the administrative hearing, ... nor will it determine whether [the applicant] actually was disabled. [Rather,] [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it." *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996) (citing *White v. Shalala,* 823 F.Supp. 621, 623 (N.D.Ind.1993)).

Here, the ALJ adhered to the proper legal standards and her RFC determination was supported by substantial evidence. The ALJ afforded "some weight" to the opinions of consultative examiner, Kautily Puri, M.D., and non-examining State agency medical consultant Steven Bowers, M.D. (T. 15-16.) Drs. Puri and Bowers provided the only medical source statements in the record specifically regarding Plaintiff's work-related limitations. (T. 318-321, 327.) Based on her examination of Plaintiff, Dr. Puri opined that she:

> did not have any objective limitations to communication, fine motor, or gross motor activity. [Plaintiff] had moderate limitations to squatting, bending, stooping, and kneeling, with mild limitations to her gait and to her activities of daily living on examination today. It is recommended that [Plaintiff] not carry out strenuous activity, lift heavy weights, or take part in

7

contact activities secondary to her above history. She would have mild limitations to moderate exertion secondary to her complaints.

(T. 320.)

On February 5, 2013, Dr. Bowers reviewed the record, including Dr. Puri's examination and medical source statement. (T. 327.) He opined that the "[l]ight RFC appears correct." (*Id.*) Dr. Bowers was referring to the "Physical Residual Functional Capacity Assessment" completed on November 9, 2012 by a single decision maker, J. Christina which indicated that Plaintiff retained the ability to perform light work. (T. 62-67.) The ALJ also discussed the medical evidence in the record supplied by Plaintiff's providers: Jeanne Pierce, PRA-C; Paul Kreinenberg, M.D.; and Scott Pregont, M.D. (T. 14-15.)

It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e), 416.912(b)(6), 416.913(c), 416.927(e); *Baszto v. Astrue,* 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010) ("[A]n ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability.").

The Regulations "recognize that the Commissioner's consultants are highly trained physicians with expertise in evaluation of medical issues in disability claims whose "opinions may constitute substantial evidence in support of residual functional capacity findings." *Lewis v. Colvin*, 122 F. Supp. 3d 1, at 7 (N.D.N.Y. 2015) (citing *Delgrosso v. Colvin,* 2015 WL 3915944, at *4 (N.D.N.Y. June 25, 2015)); *see also*

*Heagney-O'Hara v. Comm'r of Soc. Sec.,* 646 F. App'x 123, 126 (2d Cir. 2016); *Monette v. Colvin,* No. 15-3399, 2016 WL 3639510 (2d Cir. July 7, 2016); *Snyder v. Colvin,* No. 15-3502, 2016 WL 3570107, at *1 (2d Cir. June 30, 2016).

In her decision the ALJ thoroughly outlined and discussed the medical opinion evidence in the record and Plaintiff's testimony. (T. 13-16.) In affording weight to the opinion evidence in the record, the ALJ adhered to the Regulations outlined in 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6). Further, substantial evidence supported the ALJ's determination that Plaintiff could perform light work because the ALJ relied on the medical opinions of Drs. Puri and Bowers.

Therefore, for the reasons state herein, and further outlined in Defendant's brief, the ALJ's RFC determination was supported by substantial evidence in the record and it is recommended that the Commissioner's determination be upheld.

### B. The ALJ's Step Five Determination

At step five in the sequential evaluation, the ALJ was required to perform a two part process to first assess Plaintiff's job qualifications by considering his physical ability, age, education, and work experience, and then determine whether jobs exist in the national economy that Plaintiff could perform. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(f), 416.920(f); *Heckler v. Campbell,* 461 U.S. 458, 460, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983). The second part of this process is generally satisfied by referring to the applicable rule of the Medical-Vocational Guidelines set forth at 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly called "the Grids" or the "Grid"). *See Bapp v. Bowen,* 802 F.2d 601, 604 (2d Cir.1986).

The Second Circuit has explained that the ALJ may not solely rely on the Grids if a non-exertional limitation "has any more than a 'negligible' impact on a claimant's ability to perform the full range of work." *Selian v. Astrue,* 708 F.3d 409, 421 (2d Cir.2013) (quoting *Zabala v. Astrue,* 595 F.3d 402, 411 (2d Cir.2010)). A non-exertional impairment is non-negligible "when it ... so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Zabala,* 595 F.3d at 411. Whether VE testimony is required must be determined on a "case-by-case basis." *Bapp* 802 F.2d at 605-06. Further, "the mere existence of a non-exertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the [Grids]." *Id.* at 603.

Here, the ALJ called on a VE to provide testimony at the hearing. (T. 48-60.) Based on the VE testimony, the ALJ determined that Plaintiff could perform seven occupations: tanning salon attendant (DOT 359.567-014), room service clerk (DOT 324.577-010), order clerk (DOT 209.567-014), medical records clerk (DOT 245.362-010), claims clerk II (DOT 205.367-018), hospital admitting clerk (DOT 205.362-018), and blood donor unit assistant (DOT 245.367-014). (T. 17.)

Plaintiff's argument, that the ALJ's step five determination was in error, presumes a finding that Plaintiff was limited to sedentary work. (Dkt. No. 11 at 5-6 [Pl.'s Mem. of Law].) Because we find no error in the ALJ's RFC assessment concluding Plaintiff could perform light work, we likewise conclude that the ALJ did not err in posing a hypothetical question to the VE that was based on that assessment. *See Dumas v. Schweiker,* 712 F.2d 1545, 1553-1554 (2d Cir.1983) (approving a hypothetical question to a vocational expert that was based on substantial evidence in the record). Therefore,

for the reasons stated herein, and further outlined in Defendant's brief, it is recommended that the Commissioner's determination be upheld.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 13, 2016

_____
William B. Mitchell Carter
U.S. Magistrate Judge